UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA KIRBY,

       Plaintiff,

                                          File No.  1:07-CV-566

v.

                                          HON. ROBERT HOLMES BELL

GRAND TRAVERSE COUNTY SHERIFF'S
DEPARTMENT,

       Defendant.
                                         /

## O P I N I O N

      Plaintiff Lisa Kirby filed this action against Defendant Grand Traverse County Sheriff's Department alleging sex discrimination and retaliatory termination of employment. This matter is before the Court on Defendant's motion for summary judgment. For the reasons that follow the motion will be denied.

### I.

      Plaintiff was employed by the Grand Traverse County Sheriff's Department as a corrections officer from November 1996 to July 2006. In 2000 Plaintiff was sexually assaulted by a jail sergeant. The jail sergeant resigned after Plaintiff reported the incident in 2001. (Dkt. No. 74, Pl.'s App., Ex. 1, Kirby Dep. 34-36, 42-43.) In 2003 Plaintiff met with the undersheriff to make him aware of inappropriate sexual comments and conduct she had experienced in her employment over the last couple of years. (Kirby Dep. 45-48; Dkt.

No. 70, Def.'s App., Ex. N, Alger Memo.)  The meeting resulted in Defendant's issuance of a memo on sexual harassment policies and the requirement that the officers view a video on sexual harassment.  (Kirby Dep. 51.)

In January, 2004, a jail sergeant was demoted in response to Plaintiff's report of inappropriate conduct and Plaintiff was temporarily promoted to fill this sergeant's position until he was reinstated through arbitration.  (Kirby Dep. 32-33; Def.'s Exs. G, H, I.)  The undersheriff advised plaintiff that if another sergeant position opened up it would be hers.  A month or two later a sergeant position opened up and was given to a male supervisor from the road patrol.  The union file a grievance.  The sheriff called Plaintiff into his office and berated her for filing a grievance.  (Kirby Dep. 77.)

In June 2005 Plaintiff and Deputy Alan Caldwell were assigned to conduct the annual training at the firing range.  Plaintiff was the chief firearms instructor on the firing range.  (Kirby Dep. 73; Pl.'s Ex. 4, Hall Dep. 18.)  Plaintiff permitted the officers to remove their safety vests because it was very hot.  (Kirby Dep. 67-68.)  Sergeant Monroe came out to the firing range and observed that the officers were not wearing their safety vests.  When he returned to the office he mentioned that the officers were not wearing their safety vests.  Captain Hall directed Sergeant Monroe to go back to the firing range and to fix the situation.  (Hall Dep. 14.)  When Plaintiff returned to the office Captain Hall explained that he wanted the officers to wear safety vests at the range.  (Kirby Dep. 69.)

In July 2005 Plaintiff and two other female corrections department deputies met with the sheriff and undersheriff to discuss their concerns regarding unequal treatment of women in the corrections division. (Def.'s Ex. K, Alger Dep. 52; Pl.'s Ex. 6, Fewins Dep. 17-18.)

On July 29, 2005, Sheriff Fewins reprimanded Plaintiff for being nine-tenths of an hour short on her work week ending July 24, 2005. (Dkt. No. 70, Def.'s Ex. J, 7/29/05 Fewins Memo.) On August 1, 2005, Captain Hall advised Plaintiff that the administration had directed that she be removed from the firearms training program. (*Id.*, 8/1/05 Hall Memo). On August 3, 2005, Sheriff Fewins denied Plaintiff's request for secondary employment as a Firearms Instructor for the Northern Michigan College Police Academy. (*Id.*, 8/3/05 Fewins Memo.) Sheriff Fewins acknowledged that it was somewhat unusual to deny a request for secondary employment, but explained that his decision was based on Plaintiff's failure to maintain a safe firing range and her failure to work enough time for a full paycheck. (*Id.*; Fewins Dep. 33-35.) In January 2006 Sheriff Fewins denied Plaintiff's second request for secondary employment at the college as a firearms instructor. (Fewins Dep. 44-45.)

In April 2006 Plaintiff took a medical leave of absence because of work-related frustrations and depression. (Kirby Dep. 93.) She sought treatment from Dr. Mark Davenport and Jo Cindee Sawaquat, a limited licensed practicing psychologist. (Kirby Dep. 93-95.) She was prescribed an antidepressant. (Kirby Dep. 95.)

On May 2, 2006, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation for reporting sex discrimination based upon inequitable job assignments, her removal as a firearms instructor, and the denial of secondary employment as a firearms instructor at the college. (Def.'s Ex. D, EEOC Charge.)

In July 2006 Plaintiff presented a letter from her treating psychologist indicating that she was able to return to work. (Kirby Dep. 96-97; Alger Dep. 70.) Defendant required Plaintiff to obtain an additional evaluation from Dr. Sanok, a licensed psychologist who often did evaluations for the county. (Kirby Dep. 97). Dr. Sanok determined that Plaintiff was unfit for duty. (Alger Dep. 70-71.) The County advised Plaintiff that although she had run out of benefits and would not be receiving any more pay, she could obtain another psychological test in two months and try to return to work at that time. (Kirby Dep. 97-99.)

On July 17, 2006, Plaintiff resigned from her employment with Defendant because she could not make ends meet without a pay check, and she needed to resign in order to access her retirement fund. (Def.'s Ex. C, 7/17/06 letter from Kirby; Kirby Dep. 100.)

Plaintiff filed this action on June 13, 2007, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff alleges that she was discriminated against on the basis of her gender, that the discriminatory practices escalated following her complaints, and that she was constructively terminated. Defendant has filed

4

a motion for summary judgment on the basis of its contention that there are no issues of fact as to discrimination or retaliation.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendant carries its burden of showing there is an absence of evidence to support a claim then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Defendant's motion for summary judgment is based upon its contention that Plaintiff has not established a prima facie sex discrimination or hostile work environment claim and has failed to show constructive discharge. (Dkt. No. 69, Def.'s Mot. for Summ. J.)

Plaintiff alleges only two counts in her complaint: sex discrimination and retaliation. Although Plaintiff's complaint is not a model of clarity, when her complaint is read in conjunction with her EEOC charge, it appears that Plaintiff's allegations of sexual harassment are not intended as an independent hostile work environment claim, but rather as background for her retaliation claim. Plaintiff has alleged sex discrimination on the basis of disparate treatment, and retaliation on the basis of her complaints about both sexual harassment and disparate treatment. Accordingly, the Court does not find it necessary to address Defendant's argument for summary judgment on Plaintiff's hostile work environment claim.

Plaintiff does not have direct evidence of either sex discrimination or retaliation. Accordingly, her claims are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008) (outlining the *McDonellDouglas/Burdine* burden-shifting framework).

In order to establish a prima facie case of sex discrimination a plaintiff must show: (1) that she is a member of a protected class, (2) that she was subject to an adverse employment decision, (3) that she was qualified for the position, and (4) that she was treated differently than a similarly situated individual outside the protected class. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006) (citing *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004)).

In order to establish a prima facie case of retaliation a plaintiff must show: (1) that she engaged in protected activity, (2) that the employer knew of the exercise of the protected right, (3) that an adverse employment action was subsequently taken against her, and (4) that there was a causal connection between the protected activity and the adverse employment action. *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 345 (6th Cir. 2008).

Defendant contends that Plaintiff has presented no evidence that she was treated differently with respect to job assignments than any similarly situated males. In support of this contention Defendant notes that job assignments are affected by employees' differing strengths and weaknesses, and that the perception of what job assignments are more desirable differ from person to person. Defendant contends that Plaintiff has presented no evidence that she was treated differently with respect to discipline than any similarly situated males. In support of this contention Defendant notes that Plaintiff was unable to identify any males who were not written up for being less than an hour short in a pay period. (Kirby Dep. 62-64.) Defendant also notes that although the two male instructors on the firing range were not

disciplined, they were not similarly situated to Plaintiff because Plaintiff was the chief instructor on the range on that day. Defendant contends that Plaintiff's allegations of sex discrimination and retaliation are based upon nothing more than unsupported self-serving allegations and that she has failed to substantiate her allegations with sufficient probative evidence that would permit a finding in her favor.

On the issue of disparate job assignments, Plaintiff has presented not only her own testimony, but also the testimony of other female officers who agreed that they were treated with less respect than the male officers and that under Sheriff Fewins the department was run like a good old boys' club. (Pl.'s Ex. 5, Harrigan Dep. 17, 41; Pl.'s Ex. 8, Ulewicz Dep. 21-24.) There is testimony that women were given more of the less desirable floor duty assignments, and less of the more desirable transport and court duty assignments. (Ulewicz Dep. 23; Kirby Dep. 53, 57.) There is also testimony that men were allowed to take more breaks, to be less than competent in their work, and to voice their complaints, while the same behavior by women was not tolerated or was scrutinized more severely. (Harrigan Dep. 38-39.)

On the issue of disparate discipline stemming from the firing range incident, Plaintiff has presented evidence that there was no written policy on wearing vests. (Kirby Dep. 69-70; Pl's Ex. 3, Monroe Dep. 40; Pl.'s Ex. 2, Caldwell Dep. 27.) Plaintiff has presented evidence that the two male instructors who were at the firing range that day were Deputy Caldwell, who participated in the decision to allow the officers to remove their vests, and felt just as

responsible for the decision, and Sergeant Monroe, who had been a firearms instructor since 1996 and was a higher-ranking officer than Plaintiff. (Caldwell Dep. 23, 36, 52, 69; Kirby Dep. 73; Hall Dep. 13; Monroe Dep. 35-36.) Neither of these two men was disciplined or removed from his position as a firearms instructor even though either one of them could have corrected the perceived safety violation. (Fewins Dep. 32-33.) Plaintiff has presented evidence that Captain Hall, the individual who issued the order that vests be worn, did not consider it necessary to do anything more than counsel her on the need for vests, and that he allowed her to continue in her role as chief firearms instructor the rest of the week. (Hall Dep. 23; Kirby Dep. 69-70.)

Plaintiff has presented evidence that Sheriff Fewins was the individual who made the decision to remove her as a firearms instructor and that he made this decision without talking to Plaintiff, Captain Hall or Officer Caldwell, and that he did not investigate the firing range incident until after Plaintiff had met with him to voice her concerns about gender inequality issues. (Fewins Dep. 33-34; Hall Dep. 20-21.) Plaintiff has also presented evidence that the Sheriff's investigation into her time records was unusual because her immediate supervisors had not voiced any concerns about her work hours, the amount of time was insignificant, and it was unusual for the sheriff to concern himself with such details. (Hall Dep. 12; Kirby Dep. 63.)

On the issue of constructive discharge Plaintiff has presented evidence that Sheriff Fewins met with Dr. Sanok before Dr. Sanok wrote his evaluation, and that she was never

advised of any diagnosis that would have precluded her from returning to work. (Kirby Dep. at 98, 105). She has also presented evidence that Defendant was aware that if she was not allowed to return to work she would have to resign in order to access her retirement fun in order to make ends meet. (*Id.* at 100.)

The Court is satisfied that the evidence presented is sufficient to establish a prima facie case of sex discrimination and retaliation, and to create an issue of fact as to constructive discharge.

Once a prima facie case is established, the burden shifts to the defendant to offer evidence of a legitimate, non-discriminatory reason for the adverse employment action. *White*, 533 F.3d at 391 (citing *Burdine*, 450 U.S. at 253; *McDonnell Douglas*, 411 U.S. at 802). Defendant has presented evidence that its job assignments and discipline were based upon legitimate, non-discriminatory considerations regarding job skills, safety concerns, and Plaintiff's time management problems. The burden accordingly shifts back to Plaintiff to show that Defendant's proffered reason was not its true reason, but merely a pretext for discrimination. *Id.* (citing *Burdine*, 450 U.S. at 253). To establish pretext, "a plaintiff must show 'either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [her] discharge, or (3) that they were insufficient to motivate discharge.'" *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008) (quoting *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)).

In light of the testimony from several women regarding the assignment of less desirable job duties to women, the timing and severity of Plaintiff's discipline, the limited scope of the sheriff's investigation into the firing range incident, and the sheriff's failure to discipline the male firearms instructors, the Court is satisfied that a reasonable jury could infer that Plaintiff's job assignments and discipline were motivated by sex discrimination or retaliation rather than the stated reasons.

## IV.

Upon review of the record in the light most favorable to Plaintiff, the Court cannot find, as a matter of law, that no reasonable juror could find in Plaintiff's favor on her sex discrimination and retaliation claims. Accordingly, Defendant's motion for summary judgment will be denied.

An order consistent with this opinion will be entered.


Dated: December 17, 2008             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE