UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA KIRBY,

       Plaintiff,

v.                                        File No.  1:07-CV-566

GRAND TRAVERSE COUNTY SHERIFF'S
DEPARTMENT,
                                        HON. ROBERT HOLMES BELL

       Defendant.
                                    /

**O P I N I O N**

On December 31, 2008, Defendant filed two motions in limine: to exclude testimony of Plaintiff's witnesses Christina Harrigan, Mary Ulewicz, Sophio DeLonghi, and Cheryl King (Dkt. No. 96) and to exclude evidence of hostile work environment sexual harassment (Dkt. No. 98).  On January 28, 2009, Defendant filed a supplement to the motions in limine to exclude certain testimony of Plaintiff's witnesses JoCindee Sawaquat and Dr. Mark Davenport.  (Dkt. No. 110.)  On February 2, 2009, Plaintiff filed responses to Defendant's motions in limine.  On February 3, 2009, Defendant filed a motion to strike Plaintiff's witnesses Ulewicz, King, DeLonghi, and Harrigan.  (Dkt. No. 123.)

At the final pretrial conference on January 8, 2009, the Court addressed Defendant's first two motions in limine and instructed the parties on the parameters the Court would apply in determining the admissibility of evidence at trial. (Dkt. No.  108,

Tr. of 01/08/2009 Final Pretrial Conf.)  At that time the Court noted that Plaintiff has alleged only two counts in her complaint:  sex discrimination on the basis of disparate treatment, and retaliation on the basis of her complaints about both sexual harassment and disparate treatment.  Plaintiff has not alleged an independent hostile work environment-type sexual harassment claim.  Moreover, the only claims at issue are  Plaintiff's individual claims. The Court will not permit parallel trials of Plaintiff's female co-workers' discrimination claims.  On the other hand, the Court recognizes that the testimony of these co-workers may be relevant to establishing or explaining Plaintiff's claim.  (*Id.* at 4-8, 19-21.)

It appears from Plaintiff's response and Defendant's additional motions that the parties require more specificity.

**1. Motion in Limine re Testimony**

Defendant has moved to exclude the testimony of Plaintiff's witnesses Harrigan, Ulewicz, DeLonghi, and King regarding their opinions that they were treated differently from male employees, or that they were sexually harassed.  Defendant contends that because Plaintiff is claiming disparate treatment and retaliation, and not hostile work environment sexual harassment, testimony about what other women experienced is irrelevant, cumulative of Plaintiff's testimony, and prejudicial to Defendant.

The Court bears in mind that Plaintiff has the burden of proving not only that she was treated differently, but also that her gender was a motivating factor for this treatment. Plaintiff will be allowed to present the testimony of other women who can help her establish that she was treated differently than male employees and that gender was more

likely than not a motivating factor in this different treatment. That would include testimony about whether certain work assignments were more preferable than others and whether those more preferable assignments were assignment more frequently to men than to women. The Court will not, however, permit a broad inquiry into how each of these witnesses felt about the existence of some amorphous double standard. Plaintiff should be prepared to articulate what specific terms, conditions, and benefits of employment these witnesses will be able to give testimony on.

Defendant also contends that much of the testimony of these witnesses must be excluded because it did not fall within the 300-day limitations period found in 42 U.S.C. § 2000e-5. Plaintiff responds that the testimony is admissible under the continuing violation doctrine. In support of her position Plaintiff cites *Wright v. DaimlerChrysler corp.*, 220 F. supp. 2d 832 (E.D. Mich. 2002) (analyzing the continuing violation doctrine under Michigan law).

> The Sixth Circuit recognizes two categories of continuing violations:
>
> The first category arises where there is some evidence of present discriminatory activity giving rise to a claim of continuing violation such as where an employer continues to presently imposes [sic] disparate work assignments or gives unequal pay for equal work. . . . The second category of continuing violation arises where there has occurred a long-standing and demonstrable policy of discrimination.

*Sharpe v. Cureton*, 319 F.3d 259, 266-67 (6th Cir. 2003) (quoting *Burzynski v. Cohen*, 264 F.3d 611, 618 (6th Cir. 2001) (internal quotations and citations omitted). Plaintiff asserts that she intends to show a long-standing policy of discrimination. "This requires a showing by a preponderance of the evidence that some form of intentional discrimination

against the class of which plaintiff was a member was the company's standing operating procedure." *Id.* Plaintiff should be prepared to lay a foundation regarding the existence of policy of discrimination if she intends to present evidence outside of the applicable limitations period. Defendant's motion to exclude testimony of Plaintiff's witnesses Harrigan, Ulewicz, DeLonghi, and King is granted in part and denied in part.

**2. Motion in Limine to Exclude Irrelevant Immaterial and Prejudicial Testimony**

Through this motion Defendant seeks to exclude evidence relating to alleged sexual harassment incidents because Plaintiff is claiming disparate treatment and retaliation, not hostile work environment sexual harassment.

In her response Plaintiff appears to suggest that the incidents of sexual harassment are relevant to her claim that Defendant has engaged in a series of continuous acts of invidious discrimination based upon gender. (Dkt. No. 121, ¶ 2.)

Based upon the opinion on Defendant's motion for summary judgment, the discussion at the final pretrial conference, and the parties' representations as to the controverted facts and unresolved issues in the final pretrial order, the parties should understand that evidence of sexual harassment is relevant only as background to Plaintiff's retaliation claim. Incidents of sexual harassment are not actionable because they were not pled. Defendant's motion to exclude testimony of sexual harassment is accordingly granted in part.

**3. Motion in Limine re Deposition Testimony of Sawaquat and Davenport**

Defendant filed a supplemental motion in limine to exclude portions of the depositions of Plaintiff's treating counselor, JoCindee Sawaquat, and her treating doctor,

Mark Davenport, M.D., that reference sexual harassment.

The Court has reviewed the pages referenced by Defendant in its motion. (Davenport Dep. pp. 13-14; Sawaquat Dep. pp. 13-14, 16-17, 38, 60.)  Defendant objects to all references to sexual harassment because Plaintiff is not claiming sexual harassment. Although sexual harassment is not one of the claims in this case, complaints regarding sexual harassment will necessarily come into play as one of the bases for Plaintiff's retaliation claim.  Accordingly, some reference to sexual harassment allegations is not unfairly prejudicial to Defendant.  Moreover, Dr. Davenport's references to sexual harassment are not extensive and serve as background to Plaintiff's treatment.  Ms. Sawaquat's references are also background.  Her deposition, however, includes some unnecessary and prejudicial detail.  Before presenting Sawaquat's deposition the parties should redact the following segments:  page 14, lines 2-4, "like 'bell pepper' . . . kind of thing."; and page 60, line 4, "who had grabbed her."   Defendant's motion to exclude testimony of Sawaquat and Davenport is accordingly granted in part.

**4.  Motion in Limine to Strike Witnesses for Trial**

Based upon this Court's determination with respect to Defendant's motion to exclude testimony of Plaintiff's witnesses Ulewicz, King, DeLonghi, and Harrigan, Defendant's motion to strike these witnesses will be denied.

An order consistent with this opinion will be entered.

Dated: February 6, 2009                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE