UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA KIRBY,

       Plaintiff,

v.

GRAND TRAVERSE COUNTY SHERIFF'S
DEPARTMENT,

       Defendant.
_____/

File No. 1:07-CV-566

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Defendant Grand Traverse County Sheriff's Department's renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), or, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 59. (Dkt. No. 152.) For the reasons that follow the motion will be denied.

## I.

Plaintiff Lisa Kirby's discrimination and retaliation claims against her former employer, Defendant Grand Traverse County Sheriff's Department, were tried to a jury. On February 18, 2009, the jury entered a verdict in favor of Defendant on Plaintiff's discrimination claim, and in favor of Plaintiff on her retaliation claim. The jury did not award Plaintiff any non-economic damages for the retaliation, but it found that Plaintiff had been constructively discharged and awarded her $65,000 in back pay.

## II.

A motion for judgment as a matter of law pursuant to Rule 50(b) should be granted where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (quoting Fed. R. Civ. P. 50(a)). In ruling on a motion for judgment as a matter of law, the court must view the evidence in the light most favorable to the non-moving party. *Id.* (citing *Ratliff v. Wellington Exempted Vill. Sch. Bd. of Educ.*, 820 F.2d 792, 795 (6th Cir.1987)).

Rule 59 permits a court to grant a motion for a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). In deciding whether to order a new trial, the governing consideration is "'whether, in the judgment of the trial judge, such course is required in order to prevent an injustice . . . .'" *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (quoting *Kilgore v. Greyhound Corp.*, 30 F.R.D. 385, 387 (E.D. Tenn. 1962)). A motion for new trial may be granted if "the verdict is clearly against the great weight of the evidence." *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (citing *J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991)). When a motion for new trial is based on a claim that the verdict is against the weight of the evidence, the verdict is not to be set aside simply because the court believes that another outcome is more justified. *Id.* (citing *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir. 1981)). "The court is to accept the jury's verdict 'if it is one which reasonably could have

been reached.'" *Id.* (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir.1967)). "[I]f a reasonable juror could reach the challenged verdict, a new trial is improper." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 821 (6th Cir. 2000). A new trial is required "only when a jury has reached a 'seriously erroneous result'" as evidenced by "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006) (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996)).

A motion for judgment as a matter of law is governed by a higher showing than a motion for new trial. *Denhof*, 494 F.3d at 543. Accordingly, if the evidence is sufficient under the new trial standard, it is sufficient under the more strict Rule 50(b) standard as well.

**III.**

Defendant contends that it is entitled to judgment or a new trial because there is insufficient evidence to support either Plaintiff's retaliation claim or the jury's finding of constructive discharge, and because it is likely that the jury based its decision on an improper ground. In her response, Plaintiff has offered little assistance to the Court. Plaintiff asserts generally that the evidence was sufficient and relies on this Court's rulings on Defendant's previous motions.

Plaintiff's retaliation claim was based on her assertion that as a result of her complaints that Defendant was engaging in unlawful employment discrimination, she was

subjected to material adverse actions, including removal from the firearms training program, denial of secondary employment, unwarranted discipline for minor time violations, and a refusal to find her fit for duty.

Defendant contends that Plaintiff failed to make out a prima facie case of retaliation because she failed to present sufficient evidence to show that she suffered an adverse employment action or that there was a causal connection between her protected activity and the allegedly adverse employment actions taken against her. Defendant also contends that Plaintiff failed to present any evidence to rebut Defendant's evidence of its legitimate reasons for its decisions.

Following a trial on the merits, the Court "cannot return to a consideration of whether plaintiff has proven its prima facie case. This is a preliminary matter which cannot be revisited at a later time." *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997). Instead, at this stage of the proceedings, the Court's duty is to determine the ultimate question: whether Plaintiff produced sufficient evidence to support the jury's finding that Defendant retaliated against her for her complaints of gender discrimination. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 545-46 (6th Cir. 2008); s*ee also Barnes v. City of Cincinnati*, 401 F.3d 729, 736 (6th Cir. 2005) ("When reviewing the facts of a discrimination claim after there has been a full trial on the merits, we must focus on the ultimate question of discrimination rather than on whether a plaintiff made out a prima facie case."). A plaintiff's failure to present evidence sufficient to make out a prima facie case is not

irrelevant to the ultimate question. *Id.* at 546. Whether a plaintiff has presented evidence supporting each element of her prima facie case may be material to the determination of whether she has demonstrated that the employer's articulated nondiscriminatory reasons for its actions were not credible. *Id.*; *Tisdale v. Fed. Exp. Corp.*, 415 F.3d 516, 529 (6th Cir. 2005).

In this case the jury was instructed, consistent with Sixth Circuit law, that in order to make out her claim of retaliation, Plaintiff had to prove each of the following elements by a preponderance of the evidence:

1. That Plaintiff complained of discrimination in her employment;
2. That Defendant was aware of Plaintiff's complaints;
3. That Plaintiff was then subjected to a material adverse action by the Defendant; and
4. That the Defendant took the adverse action, at least in part, because of the Plaintiff's complaint.

*See* Leonard B. Sand et al., 5 *Modern Federal Jury Instructions*, ¶ 88-46 (Matthew Bender 2009); *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 345 (6th Cir. 2008).

With respect to the third element of a material adverse action, there is evidence in the record that Plaintiff was removed from the firearms training program, that she was denied secondary employment, and that she was disciplined for minor time violations. Defendant contends that none of the allegations, standing alone, was materially adverse as a matter of law.

The jury was instructed that an adverse action is material if it might well have discouraged a reasonable worker from complaining about similar discrimination in

employment. *See Hawkins*, 517 F.3d at 345 (noting that the retaliation provision protects employees from conduct that would have dissuaded a reasonable worker from making or supporting a charge of discrimination). Defendant has improperly viewed each adverse action in isolation. The Court is satisfied that a reasonable jury, viewing the evidence introduced at trial as a whole, could have found that Defendant's actions might well have discouraged a reasonable worker from making similar complaints of discrimination.

With respect to the fourth element of causation, the jury was instructed that "the Defendant need not have taken the adverse action solely, or even primarily, because of Plaintiff's protected activity; but the Defendant must have taken the adverse action at least in part because of an intent to retaliate against the Plaintiff for complaining about gender discrimination in employment." *See Modern Federal Jury Instructions*, ¶ 88-46.

There was evidence introduced at trial that Defendant was generally satisfied with Plaintiff's work performance; that Plaintiff's immediate supervisor believed that a discussion with Plaintiff was all that was warranted after the training incident; that Defendant did not tolerate complaints; that Sheriff Fewins did not begin investigating the training incident or remove Plaintiff from her position as firearms trainer until after Plaintiff complained about gender discrimination; that Sheriff Fewins conducted only a cursory investigation into the training incident; that Sheriff Fewins did not reprimand or even counsel male officers Caldwell and Monroe who could have but did nothing to reverse the safety hazard on the training field; and that Sheriff Fewins removed Plaintiff both from her internal training role

6

and also from her secondary employment. This evidence, taken as a whole, was sufficient to enable a jury to find that despite Sheriff Fewins' legitimate safety concerns, those concerns were insufficient to explain the severity of his actions against Plaintiff, and that he must have removed Plaintiff from her instructor position and her secondary employment at least in part because of an intent to retaliate against her for complaining about gender discrimination. *See Imwalle*, 515 F.3d at 545 (identifying ways in which a plaintiff may rebut a defendant's legitimate, nondiscriminatory reason and demonstrate pretext). The Court is satisfied that there was sufficient evidence to support the jury's finding of retaliation.

Defendant also contends that there was insufficient evidence to support the jury's finding that Plaintiff was constructively discharged. The jury was instructed that in order to establish her claim that she was constructively discharged, Plaintiff had to prove, in part, that Defendant intentionally made Plaintiff's working conditions so intolerable that a reasonable person would feel forced to resign. *See* 3C Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 171.20 (5th ed. 2001). Defendant contends that because the jury found that Plaintiff was not entitled to non-economic damages, her working conditions could not have been so intolerable as to support the claim of constructive discharge. Defendant also contends that because Plaintiff did not resign from her employment until July 2006, after her FMLA leave and short-term disability had run out and after Dr. Sanok determined that she was not yet fit for duty, it was not the working conditions that forced her to resign, but her need for income. Defendant also contends that because the jury requested a copy of the

fitness for duty provision of the Grand Traverse County Union Agreement, it is likely that the jury improperly determined that Defendant did not have the right to order Plaintiff to a fitness for duty examination.

Defendant's contention that it should be granted a new trial because the jury may have based its decision on an impermissible ground, i.e., that Defendant did not have the authority to order the fitness-for-duty exam, lacks merit. Defendant's quotation from *Exxon Shipping Co. v. Baker*, — U.S. —, 128 S. Ct. 2605, 2615 n.3 (2008), that "when it is impossible to know, in view of the general verdict returned whether the jury imposed liability on a permissible or an impermissible ground, the judgment must be reversed and the case remanded," is incomplete. Defendant has failed to include the first phrase of the sentence, which indicates that "Any error in instructing on the latter ground cannot be overlooked, because . . . ." *Id.* Defendant does not contend that the jury in this case was not instructed properly. Although the jury verdict does not explain the basis for the jury's constructive discharge finding, where, as here, the jury was properly instructed, the Court will not speculate that the jury's decision rested on an improper ground simply based on the contents of a jury question.

Defendant's recitation of the relevant evidence on the issue of constructive discharge is one-sided and incomplete. There was evidence in the record from which a jury could reasonably conclude that Defendant's limited communications with Plaintiff after she took her temporary disability leave, the manner in which the fitness for duty examination process

was explained and administered, and Defendant's reliance on Dr. Sanok's opinion to the exclusion of the opinions of those who were treating Plaintiff, were designed to thwart rather than to encourage her return to work and made conditions so intolerable that a reasonable person in Plaintiff's position would feel forced to resign. The Court concludes that the evidence was sufficient to support the jury's finding of constructive discharge.

## IV.

Finally, Defendant contends that Plaintiff's closing statement improperly influenced the jury.

During Plaintiff's rebuttal argument, Plaintiff's counsel argued that Defendant's administrators "still don't get it, and I'm sorry to say that no matter what your verdict is, it's not going to change these people. People that are bigoted, that are prejudiced don't admit it. These guys certainly aren't going to." (Dkt. No. 151, Tr. of Pl.'s Rebuttal Argument 4).

Counsel's statements were inappropriate. Nevertheless, to be entitled to a new trial based on statements made during the closing argument, Defendant must show "both that the closing argument was improper and that [Defendant] was prejudiced by the impropriety, that is, that there is a reasonable probability that the jury's verdict was influenced by the improper argument." *Fuhr v. School Dist. of City of Hazel Park*, 364 F.3d 753, 760 (6th Cir. 2004). The comments here did not improperly influence the jury verdict, as evidenced by the jury's determination that Defendant did not discriminate against her.

9

## V.

For the reasons stated herein, Defendant's motion for judgment as a matter of law and alternative motion for a new trial will be denied.

An order consistent with this opinion will be entered.


Dated: September 28, 2009            /s/ Robert Holmes Bell
                                                                          ROBERT HOLMES BELL
                                                                          UNITED STATES DISTRICT JUDGE