UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LISA KIRBY,

       Plaintiff,

                                    File No. 1:07-CV-566

v.

                                    HON. ROBERT HOLMES BELL

GRAND TRAVERSE COUNTY SHERIFF'S
DEPARTMENT,

       Defendant.

_____/

## O P I N I O N

     This matter comes before the Court on Plaintiff Lisa Kirby's application for an award

of attorney's fees and costs in the amount of $138,097.87. Defendant opposes Plaintiff's

request for attorney fees, or in the alternative, requests that the court significantly reduce the

amount awarded. For the reasons that follow, Plaintiff's application will be granted in part

and denied in part. Plaintiff's application for an award of attorney's fees will be granted, but

in an amount less than she has requested.

## I.

     In her application, Plaintiff requests recovery of attorney's fees pursuant to 42 U.S.C.

§ 2000e-5(k).[1] (Dkt. No. 155.) In her brief she requests recovery of attorney's fees pursuant

---

[1]Title 42 U.S.C. § 2000e-5(k) provides: "In any action or proceeding under this
subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable
attorney's fee (including expert fees) as part of the costs . . . ."

to 42 U.S.C. § 1988.[2] Notwithstanding these conflicting statutory references, the standard for awarding attorney's fees is essentially the same under both statutes. *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 n.7 (6th Cir. 2000).

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In *Hensley* the Supreme Court determined that the most useful starting point for determining a reasonable fee is the "lodestar" – the number of hours reasonably expended multiplied by a reasonable hourly rate. 461 U.S. at 433. It is Plaintiff's burden to provide "evidence supporting the hours worked and rates claimed." *Id*. Further, the Supreme Court directed the district courts to examine the claimed hours and exclude those hours that were not "reasonably expended." *Id*. at 434.

Plaintiff has requested attorney's fees in the amount of $125,045.35, and costs in the amount of $13,052.52. In support of her request Plaintiff has submitted a summary of time sheets and the affidavit of counsel. The time sheets reflect approximately 351.15 hours billed for time spent by counsel at the rate of $300.00 per hour and approximately 155.85 hours

---

[2]Section 1988(b) provides that "In any action or proceeding to enforce a provision of . . . 42 U.S.C. §§ 1981-1983, 1985, 1986, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

billed for time spent by paralegals or law clerks at the rate of $125.00 per hour.

## A. Hours Reasonably Expended

Defendant challenges the number of hours billed based on the fact that she was not a prevailing party on her discrimination claim, the excessive amount of time spent on certain work, inaccuracies in the time sheets, and the limited success achieved.

"Work on an unsuccessful claim cannot be considered to have been 'expended in pursuit of the ultimate result achieved' where the plaintiff has presented distinctly different claims for relief based on different facts and legal theories." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (quoting *Hensley*, 461 U.S. at 434.) However, "where the plaintiff's claims for relief involve common facts or related legal theories, such that much of counsel's time will have been devoted generally to the litigation as a whole, the court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Id*. (quoting *Hensley*, 461 U.S. at 435.)

Discrimination and retaliation claims are often interrelated. *See Imwalle*, 515 F.3d at 555 (finding no abuse of discretion in the district court's decision not to reduce the lodestar amount for lack of success where the discrimination and retaliation claims were based on common facts and a significant overlap in the legal theories). However, in contrast to *Imwalle*, Plaintiff's discrimination and retaliation claims were distinct and there was a minimum of overlap in either the proofs or the legal theories. Plaintiff's discrimination claim was based primarily on allegations of disparate treatment in work assignments and sexual

harassment. Her retaliation claim, on the other hand, was based on discipline she received after she made complaints about sexual harassment and disparate treatment. Plaintiff's billing sheets do not distinguish between the work done on each separate claim. However, it is indisputable that many of the depositions and legal arguments pursued in conjunction with the disparate treatment claim were not relevant to Plaintiff's retaliation claim. Moreover, Plaintiff did not achieve any success on her claim for non-economic damages. The jury did not find that she suffered any compensable emotional distress or mental anguish. On review it appears to this Court that a 40 percent reduction in the hours is appropriate based upon Plaintiff's failure to prevail on her discrimination claim and her failure to prove non-economic damages.

## B. Reasonable Hourly Rate

Plaintiff has requested an hourly rate of $300.00 for the work of her attorney and $125.00 per hour for the work of paralegals and law clerks. The only information she has supplied in support of this request is an affidavit from counsel indicating that counsel's hourly billing rate is $300.00 per hour, and that he bills the work performed by paralegals and law clerks at the rate of $125.00 per hour. (Abood Aff. ¶¶ 5, 14.)

Defendant contends that the rates are excessive. The Court agrees. The most recent *Economics of Law Practice* survey issued by the State Bar of Michigan lists the median hourly litigation billing rates based on a variety of factors, including firm size, years in practice, and field of practice. Plaintiff's counsel is a member of the Abood law firm, which

has three attorneys listed on its website.[3]  The survey reflects that the median hourly litigation billing rate charged by Michigan attorneys in firms of three to six practitioners is $195 per hour.  Plaintiff's counsel has been in practice for twenty years.[4]  The survey reflects that the median litigation rate charged by attorneys with 20-29 years in practice is $200 per hour.  The median rate charged by all Michigan litigation attorneys is $200 per hour.  The performance of Plaintiff's counsel in this case does not warrant a fee in excess of the median rate.

The survey reflects that the median hourly billing rate for paralegals is $75.  Plaintiff has not suggested any basis for finding that a reasonable fee for the work of paralegals and law clerks in this case should be any greater than the median rate.

The Court will accordingly reduce the attorney's hour rate to $200 per hour and the hourly rate for the law clerks and paralegals to $75 per hour.

**C.  Costs**

Plaintiff has requested costs in the amount of $13,052.52.  The Court concludes that because many of the costs are associated with Plaintiff's unsuccessful discrimination claim and her unsuccessful pursuit of non-economic damages, they should similarly be reduced by 40 percent.

---

[3]*See* www.aboodlaw.com.

[4]The State Bar of Michigan website indicates that F. Joseph Abood received his Michigan license on June 8, 1989.

### D. Upward Adjustment

Plaintiff has requested an upward adjustment from the lodestar amount in light of the need to attract competent counsel for employment discrimination litigation in this community.

"Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle*, 515 F.3d at 552 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). Upward adjustments of the lodestar figure are proper "only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts." *Del. Valley*, 478 U.S. at 565.

Plaintiff has offered no specific evidence in support of her request for an upward adjustment. She merely suggests that an enhancement may be appropriate to attract competent counsel by providing an inducement for the risk undertaken in representing employment discrimination plaintiffs. The Court finds nothing exceptional or rare about this case that would warrant an upward adjustment.

### E. Case Evaluation Sanctions

Plaintiff also seeks attorney's fees pursuant to the Michigan Court Rules governing liability for costs following a rejection of a case evaluation. The parties submitted their case to standard track case evaluation. (Dkt. No. 60, Notice of Case Eval. Hrg.) Defendant does not dispute that its rejection of the case evaluation award and the jury verdict in this case

entitles Plaintiff to costs, including a reasonable attorney's fee, under Rule 2.403(O)(6)(a) of the Michigan Court Rules. Michigan courts consider essentially the same factors as the federal courts in determining a reasonable attorney's fee. *Smith v. Khouri*, 751 N.W.2d 472, 478-79 (2008). Plaintiff acknowledges that she is not entitled to double recovery of attorney's fees. *Id.* at 477 n.10 ("[D]ouble recovery of attorney fees under two different authorities is not appropriate, even if the authorities advance different purposes."). Because Plaintiff has not suggested that an award under the Michigan Court Rules would be greater than an award under the federal statute, Plaintiff's eligibility for an award under the Michigan Court Rules does not alter the Court's analysis.

## II.

In summary, Plaintiff's request for attorney's fees will be granted in part and denied in part. Plaintiff is awarded attorney's fees, but in an amount less than she has requested. The Court will reduce the number of hours by 40 percent, reduce the hourly rate for her attorney to $200 per hour, reduce the hourly rate for law clerks and paralegals to $75 per hour, and reduce the costs by 40 percent, for a total award of $57,103.51, calculated as follows:

| | | | |
|---|---|---|---|
| Attorney | 351.15 hrs x 60% x $200/hr | = | $42,138.00 |
| Paralegal/Law Clerk | 155.85 hrs x 60% x $75/hr | = | $7013.25 |
| Costs | $13,052.52 x 60% | = | $7831.51 |
| **Total** | | | $56,982.76 |

An order consistent with this opinion will be entered.

Dated: September 30, 2009                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE